IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:24-cv-54-TFM-B |
| | ) | |
| DONALD TAYLOR, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff's Motion to Alter or Amend the Court's Summary Judgment* (Doc. 98, filed October 21, 2025) in which Plaintiff Patricia White ("Plaintiff") moves the Court, pursuant to Fed. R. Civ. P. 59(e), reconsider and alter, or amend, the Memorandum Opinion and Order that it entered on September 25, 2025, for Defendants Donald Taylor ("Corporal Taylor") and Justin Wells' ("Corporal Wells") motion for summary judgment.  Plaintiff presents arguments as to her state-law assault and excessive force claims and federal excessive force claims that she brought against Corporal Taylor.  *See id.*  Having considered the motion, response, and relevant law, the Court finds the motion is due to be **GRANTED in part and DENIED in part**.  The motion is **GRANTED** to the extent that the Court supplements its September 25, 2025 Memorandum Opinion and Order but summary judgment is still granted for these reasons.  Otherwise, the motion is **DENIED**.

## I.    STANDARD OF REVIEW

"The only grounds for granting [a Fed. R. Civ. P. 59] motion are newly-discovered evidence or manifest errors of law or fact."  *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), cert.

Page 1 of 7

denied, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)).  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

## II.    DISCUSSION AND ANALYSIS

As to Plaintiff's state-law assault and excessive force claims, she argues a reasonable jury could find Corporal Taylor did not reasonably believe he was unable to use less force to effectuate Plaintiff's arrest, and any personal assertions by Corporal Taylor otherwise are contradicted by the totality of the evidence and his credibility is an issue for a jury to decide.  *Id.* at 2-3.  In support of Plaintiff's argument, she cites *Avery v. Davis*, 700 F. App'x 949 (11th Cir. 2017)[1], in which the Court of Appeals stated:

> As we have explained, the excessive force qualified immunity inquiry is an <u>objective</u> inquiry based on what a reasonable officer "could have believed." *Brown* [*v. City of Huntsville*], 608 F.3d [724,] 738 [(11th Cir. 2010)].  By contrast, determining whether an officer's use of force was willful for state-agent immunity purposes is a <u>subjective</u> inquiry that requires assessing the officer's state of mind at the moment of the use of force. *See Ex parte Assary*, 992 So. 2d 5, 9, (Ala. 2007) ("[W]anton or willful misconduct is mischaracterized as such by the state of mind with which the act or omission is done or omitted.").

*Id.* at 954.  Plaintiff argues this Court cited *Walker v. City of Huntsville*, 62 So. 3d 474 (Ala. 2010) to support its conclusion that Corporal Taylor was entitled to state-agent immunity, but *Walker* overlooked the subjective standard for state-agent immunity that was explained in *Avery*.  Doc. 98 at 3-4.

As to Plaintiff's federal excessive force claims, Plaintiff argues, as she admittedly argued

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

in her original response to the motion for summary judgment, the Court's comparison of the facts of this case to *Senko v. Jackson*, Civ. Act. No 22-11877, 2023 U.S. App. LEXIS 6104, 2023 WL 2518367 (11th Cir. Mar. 15. 2023), was in error since the Court is unable to view the video evidence of the traffic stop that was the basis for the action.  Doc. 98 at 4-5.  Plaintiff argues, unlike in *Senko*, she was injured as a result of Corporal Taylor's use of force, and in this case, a reasonable officer could believe she did not resist arrest and could believe she responded to the command of the officers on the other side of her vehicle, which is a question of fact.  *Id.*  Plaintiff argues the amount of force that Corporal Taylor used to arrest Plaintiff was disproportionate to the need for such force.  *Id.* at 5.

The Court will address each of Plaintiff's arguments in turn.

**A.  State-Agent Immunity**

In the Court's September 25, 2025 Memorandum Opinion and Order, it found Corporal Taylor "[could] not be held liable for assault and, in turn, is entitled to state-agent immunity as to the assault claims."  Doc. 96 at 28.

> Every peace officer . . . who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, . . . and whose duties include the enforcement of . . . the criminal laws of this state, and who is empowered by the laws of this state . . . to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

ALA. CODE § 6-5-338(a), *repealed* by Act 2025-523 (H.B. 202), § 6 (effective Oct. 1, 2025).

> [The Alabama Supreme Court] has established a "burden shifting" process when a party raises the defense of State-agent immunity. *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003).  In order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity. *Giambrone*, 874 So. 2d at 1052; *Ex parte Wood*, 852 So. 2d 705, 709 (Ala. 2002).  If the State agent makes such a

showing, the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority. *Giambrone*, 874 So. 2d at 1052; *Wood*, 852 So. 2d at 709; *Ex parte Davis*, 721 So. 2d 685, 689 (Ala. 1998).

*Ex parte Estate of Reynolds*, 946 So. 2d 450, 452 (Ala. 2006). "[W]anton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted." *Ex parte Essary*, 992 So. 2d at 9.

The Court agrees whether Corporal Taylor is entitled to state-agent immunity is a "subjective inquiry that requires assessing the officer's state of mind at the moment of the use of force," *Avery* 700 F. App'x at 954 (emphasis removed), which is different from the objective inquiry for federal qualified immunity, and the Court's determination that Corporal Taylor was entitled to qualified immunity did not consequently entitle him to state-agent immunity without a determination of his state of mind when the use of force occurred.

However, as the Court determined, Corporal Taylor could not be held liable for assault. Ala. Code § 13A-3-27(a), *amended* by Act 2025-523 (H.B. 202), § 5 (effective Oct. 1, 2025), states in relevant part, "A peace officer is justified in using that degree of physical force which he reasonably believes to be necessary, upon a person in order . . . [t]o make an arrest for a misdemeanor . . . or to prevent the escape from custody of a person arrested for a misdemeanor . . . ." The Alabama Supreme Court has interpreted this version of the statute to mean "[i]n making the arrest, a police officer may use reasonable force and may be held liable only if more force is used than is necessary to effectuate the arrest." *Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995) (citing ALA. CODE § 13A-3-27(a)). "Alabama courts discuss . . . immunity under [Ala. Code. §] 13A-3-27 . . . as a defense to liability." *Avery*, 700 F. App'x at 951 (citing *Walker*, 62 So.

3d at 494).[2]

Here, Plaintiff's federal-law excessive force claim and her state-law assault claim are based on the same facts, and the Court found, in its qualified immunity analysis, Plaintiff did not show Corporal Taylor's conduct violated clearly established law and the use of force was reasonable to effectuate Plaintiff's arrest. Given the shared analysis, under both federal and state law, of whether the use of force was reasonable, the Court's finding as to qualified immunity dictates the finding as to immunity from liability, under Ala. Code § 13A-3-27, for Corporal Taylor. *See Robinson v. City of Bessemer*, Civ. Act. No. 2:21-cv-00439-JHE, 2024 U.S. Dist. LEXIS 14248, at *44, 2024 WL 315005, at *15 (N.D. Ala. Jan. 26, 2024) ("The issue is . . . whether the resolution of the § 1983 excessive force claim dictates the resolution of the state law claim when both (1) are based on the same facts and (2) depend on the reasonableness of the force used. As discussed above, the undersigned has determined that Office McKenna used reasonable force during the encounter. Based on that determination, *Walker* dictates that Robinson may not pursue an assault and battery claim on the same facts."); *Stryker v. City of Homewood*, Civ. Act. No. 2:16-CV-0832-VEH, 2017 U.S. Dist. LEXIS 118149, at *46-47, 2017 WL 3191097, at *18 (N.D. Ala. July 27, 2017) ("For the same reasons that the Plaintiff has failed to show excessive force as to his removal from the vehicle and thus has failed to overcome the defense of qualified immunity for his [§] 1983 claim arising out of that conduct, his claim for assault and battery <u>as to that conduct</u> also fails." (emphasis in original) (citing *Walker*, 62 So. 3d at 494)).

Therefore, Plaintiff's motion to reconsider is **GRANTED** as to her request that the Court reconsider its grant of state-agent immunity to Corporal Taylor. However, as the Court found in

---

[2] The Court of Appeals did not discuss immunity under Ala. Code § 13A-3-27 because it did not have jurisdiction to consider that issue. *Avery*, 700 F. App'x at 951.

its September 25, 2025 Memorandum Opinion and Order, Corporal Taylor cannot be held liable for assault pursuant to Ala. Code § 13A-3-27, which ultimately does not alter the result of the Court's ruling on the motion for summary judgment that Plaintiff's claims be dismissed with prejudice.

**B.**     ***Senko v. Jackson***

As for the Court's comparison of the facts of this case with those that are presented in *Senko v. Jackson*, Plaintiff admits her argument is the same that she presented in her original response to the motion for summary judgment.  As to whether the Court addressed if Plaintiff resisted arrest, in the Court's September 23, 2025 Memorandum Opinion and Order, the Court found Corporal Taylor could reasonably interpret Plaintiff's actions as an attempt to resist arrest, and again, her argument that the use of force was disproportionate to the need was already presented.

Therefore, Plaintiff's motion to reconsider is **DENIED** as to her request that the Court reconsider its comparison of the facts of this case to those presented in *Senko*.

### III.     CONCLUSION

Accordingly, Plaintiff's Motion to Alter or Amend the Court's Summary Judgment (Doc. 98) is **GRANTED in part and DENIED in part**.  The motion is **GRANTED** as to her request that the Court reconsider its grant of state-agent immunity to Corporal Taylor, and the motion is **DENIED** as to her request that the Court reconsider its comparison of the facts of this case to those presented in *Senko v. Jackson*, Civ. Act. No 22-11877, 2023 U.S. App. LEXIS 6104, 2023 WL 2518367 (11th Cir. Mar. 15. 2023).  As stated, summary judgment is still granted against Plaintiff Patricia White.  The Final Judgment (Doc. 97) that was entered in this matter is unaffected by this Memorandum Opinion and Order.

**DONE** and **ORDERED** this 21st day of April 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE